GERALD R. KANE, ESQ. Village Attorney, Nyack
We acknowledge receipt of your letter in which you state that your village clerk reports that she is going to retire and in which you inquire whether the mayor of the village alone may appoint to fill the vacancy without the appointment being subject to approval by the village board of trustees. If this is the case, you also inquire whether the mayor may appoint a village trustee to the office of village clerk, in the same way, if the trustee first resigns the office of trustee and you further inquire whether the mayor can then make an appointment, in the same way, to fill the vacancy in the office of trustee created by the trustee's resignation.
In our opinion, under the provisions of Village Law § 3-312, subdivision 3, a village mayor has the power to appoint to fill a vacancy in office which power is exercised free of the necessity for approval by the village board of trustees provided for by Village Law §4-400, subdivision 1, paragraph c for initial or full-term appointments to non-elective village positions (see enclosed copies of informal opinions of this office reported in 1974 Op Atty Gen 118 and 1975 Op Atty Gen 188); also, there is no prohibition in the statute against a trustee being appointed to the office of village clerk if the trustee first resigns. (Village Law § 3-300, subdivision 3 provides, with certain exceptions not here relevant, that no person may simultaneously hold an elective and an appointive village office.)
You also ask whether the fact that the trustee acted upon the question of fixing the salary of the village clerk and voted on a resolution to approve the mayor's original appointment of the village clerk has any bearing upon whether that trustee can be appointed by the mayor to fill a vacancy in the office of village clerk. In our opinion, those matters are irrelevant unless bad faith and fraud could be established; no such impropriety can be presumed and the burden of proof to establish this would be upon the person alleging the same.